Vanessa R. Waldref
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 10, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-CR-00068-RMP-1 |
| Plaintiff, | Plea Agreement |
| v. | Rule 11(c)(1)(C) |
| BRIAN D. KNIGHT, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney, and Defendant Brian D. Knight ("Defendant"), both individually and by and through Defendant's counsel, Andrea George, Federal Public Defender, agree to the following Plea Agreement:

1.   <u>Guilty Plea and Maximum Statutory Penalties</u>:

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant agrees to plead guilty to Count 2 of the Indictment filed on June 2, 2020, charging Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

Defendant understands that the charge contained in the Indictment is a Class C Felony.

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 1

Defendant understands that the potential penalties for Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), where, as here, the images of child pornography involved in the offense involved prepubescent minors or minors who had not achieved the age of 12 years of age, are the following: not more than 20 years of imprisonment; a fine not to exceed $250,000; a term of supervised release of not less than 5 years and up to life; restitution, a Special Penalty Assessment of $100; and registration as a sex offender.

Defendant also understands that upon conviction, the Court must impose: (1) a $5,000 special assessment, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, unless the Court finds Defendant to be indigent; and (2) a special penalty assessment of up to $17,000, pursuant to the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A.

Defendant also understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to him with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 2

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and Defendant agree that an appropriate disposition of this case is a term of incarceration of 36-84 months, to be followed by a lifetime of supervised release.

If the Court does not accept Defendant's guilty plea or chooses to sentence Defendant to a greater or lesser sentence than the sentence upon which the United States and Defendant have agreed, Defendant and/or the United States may withdraw from the Plea Agreement and the Plea Agreement is null and void.

The United States and Defendant acknowledge that the imposition of a fine, restitution, or conditions of supervised release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the parties are free to make any recommendation they deem appropriate as to the imposition of a fine, restitution, or conditions of supervised release; and that the Court will exercise its discretion with regard to the imposition of a fine, restitution, or conditions of supervised release.

Defendant acknowledges that he may not withdraw from this Plea Agreement based on the Court's decisions regarding a fine, restitution, or conditions of supervised release.

3.  Waiver of Constitutional Rights:

Defendant understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a.  The right to a jury trial;
    b.  The right to see, hear and question the witnesses;
    c.  The right to remain silent at trial;
    d.  The right to testify at trial; and
    e.  The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 3

of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant acknowledges and agrees that any filed motions are hereby mooted, and Defendant agrees not to file or pursue any new pretrial motions.

4. <u>Effect on Immigration Status:</u>

Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes may be removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty if Defendant is not a citizen of the United States, no one, including Defendant's attorney or the District Court, can predict with absolute certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's plea may entail, even if automatic removal from the United States is a virtual certainty if Defendant is not a United States citizen.

5. <u>Elements of the Offense:</u>

The United States and Defendant agree that to convict Defendant of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), the United States would have to prove the following elements beyond a reasonable doubt:

    a. Between on or about August 24, 2019, and on or about November 3, 2019, within the Eastern District of Washington, Defendant knowingly possessed matters that contained visual depictions of minors engaged in sexually explicit conduct;

    b. Defendant knew each visual depiction contained in the matters showed minors engaged in sexually explicit conduct;

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 4

   c. Defendant knew that the production of such visual depictions involved use of minors in sexually explicit conduct; and

   d. Each visual depiction had been either (1) transported in interstate or foreign commerce, or (2) produced using material that had been transported in interstate or foreign commerce, including by computer.

6. <u>Factual Basis and Statement of Facts:</u>

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

Between on or about August 24, 2019, and on or about November 3, 2019, within the Eastern District of Washington, Defendant knowingly possessed matters that contained visual depictions of minors engaged in sexually explicit conduct. Defendant acknowledges that these matters constituted images of child pornography under federal law.

Defendant knew that the matters he knowingly possessed contained visual depictions of minors engaged in sexually explicit conduct, and he knew that the production of those visual depictions involved the use of minors in sexually explicit conduct.

It is also factually true, and Defendant knew, that each of the visual depictions he knowingly possessed had been either transported in interstate or foreign commerce, or had been produced using material that had been transported in interstate or foreign commerce, including by computer.

At all relevant times, Defendant was within the borders of the Eastern District of Washington.

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 5

On October 11, 2019, and November 3, 2019, an undercover agent with the Federal Bureau of Investigation ("FBI") used a law enforcement version of peer-to-peer software and the Internet to download images of child pornography from a computer that was accessing the Internet using the Internet Protocol address assigned to Defendant's home.

The FBI subsequently executed a federal search warrant at Defendant's home in Spokane, Washington, and recovered images of child pornography from Defendant's digital devices. Forensic indicia indicated that Defendant possessed the images of child pornography beginning on or about August 24, 2019, and continuing through on or about November 3, 2019. The FBI recovered some of the specific filenames in Defendant's devices that matched the names of files that the FBI had previously downloaded from Defendant. The FBI also recovered software for cleaning or shredding digital information.

Defendant acknowledges that his relevant conduct in this case included the knowing possession of more than 600 images of child pornography under federal law, acknowledging that one video counts for 75 images under the United States Sentencing Guidelines.

Defendant acknowledges that he used digital devices to conduct Internet searches for child pornography, knowingly received those images by downloading them from the Internet onto his digital devices, and thereafter knowingly possessed them.

Defendant acknowledges that the Internet is a facility and means of interstate and foreign commerce, and that his conduct affected interstate and foreign commerce.

Defendant acknowledges that the images of child pornography that he knowingly possessed included minors under the age of twelve years and that the material portrayed sadistic or masochistic images or other depictions of violence.

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 6

7.    The United States' Agreements:

The United States agrees not to proceed with criminal charges for Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), as charged in Count One of the Indictment. The United States also agrees not to bring other child pornography or obscenity charges against Defendant based on information in its possession at the time of this Plea Agreement, unless Defendant breaches this Plea Agreement any time before sentencing. Defendant understands that the United States is free to criminally prosecute Defendant for any other past unlawful conduct or any unlawful conduct that occurs after the date of this Plea Agreement.

As part of this Plea Agreement, the United States agrees to return to Defendant an ACER brand computer and a cellular telephone that the United States seized at Defendant's arrest. Defendant understands that the United States will forensically remove all information from those devices (that is, format or "wipe" the devices clean) before returning them to Defendant, and that the United States will not charge Defendant with any child pornography crimes based on evidence that is present on or in those two devices before their return to Defendant. If evidence of child pornography offenses or other criminal conduct is present on either device *after* the United States formats and returns the devices to Defendant, the language of this paragraph does not impose any limitations on the United States' ability to investigate and prosecute Defendant based on that evidence.

The United States also agrees not to seek Defendant's immediate remand to custody at the time of the entry of his guilty plea, so long as the United States Probation Office does not allege any violations of the terms of his pretrial release prior to that date.

8.    United States Sentencing Guideline Calculations:

Defendant understands that the advisory United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 7

  a. <u>Base Offense Level</u>:

The United States and Defendant agree that the base offense level for Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) is eighteen (18). *See* U.S.S.G. § 2G2.2(a)(1).

  b. <u>Stipulated Specific Offense Characteristics</u>:

The United States and Defendant agree that Defendant's base offense level is increased by an additional two (2) levels because the material he received involved children who had not attained the age of twelve (12). *See* U.S.S.G. § 2G2.2(b)(2).

The United States and Defendant agree that Defendant's base offense level is increased by an additional four (4) levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. *See* U.S.S.G. § 2G2.2(b)(4).

The United States and Defendant agree that Defendant's base offense level is increased by an additional five (5) levels because Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, arising from his conduct in this case and his separate conduct that resulted in a prior child pornography conviction under Washington law. *See* U.S.S.G. § 2G2.2(b)(5).

The United States and Defendant agree that Defendant's base offense level is increased by an additional two (2) levels because the offense involved the use of a computer or an interactive computer service for the possession and receipt of the material. *See* U.S.S.G. § 2G2.2(b)(6).

The United States and Defendant agree that Defendant's base offense level is increased by an additional five (5) levels because Defendant's relevant conduct involved at least 600 images of child pornography. *See* U.S.S.G. § 2G2.2(b)(7)(D).

  c. <u>Additional Offense Characteristic</u>

The United States reserves the right to argue that Defendant's base offense level is increased by an additional two (2) levels because his offense involved the knowing distribution of child pornography. *See* U.S.S.G. § 2G2.2(b)(3)(F).

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 8

Defendant does not affirmatively agree that this enhancement applies. Nevertheless, Defendant agrees that in connection with sentencing in this case, Defendant will neither argue that this enhancement is inapplicable nor challenge its application.

    d.    <u>Acceptance of Responsibility</u>:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and signs and provides this agreement for filing with the Court prior to November 10, 2021, the United States will move for a three (3)-level downward adjustment in the offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b). Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a three (3)-level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance. Based on the calculations set forth in this Plea Agreement, the United States and Defendant agree that Defendant's final adjusted offense level is at least level 33, and agree to recommend at sentencing the application of all of the stipulated offense characteristics set forth in this Plea Agreement.

    e.    <u>Criminal History</u>:

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 9

9. <u>Incarceration:</u>

The United States and Defendant agree that they are entering this Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and that the appropriate disposition of the case will include a term of incarceration of 36-84 months.

10. <u>Supervised Release:</u>

The United States and Defendant each agree to recommend that the Court impose a lifetime of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

    a. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

    b. Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of his supervision and that the accounts to be searched contain evidence of this violation.

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 10

11. <u>Criminal Fine:</u>

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

12. <u>Mandatory Special Penalty Assessments:</u>

At or before sentencing, Defendant agrees to pay to the Clerk of Court for the Eastern District of Washington a $100 mandatory special penalty assessment pursuant to 18 U.S.C. § 3013 and a $5,000 mandatory special penalty assessment pursuant to 18 U.S.C. § 3014 absent a judicial finding of indigence, and shall provide receipts from the Clerk to the United States before sentencing as proof of these payments.

13. <u>Payments While Incarcerated:</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, he agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14. <u>Restitution:</u>

The United States and Defendant agree that restitution is required. *See* 18 U.S.C. §§ 2259, 3663, 3663A, 3664. Defendant further acknowledges that restitution is mandatory, without regard to Defendant's economic situation, to identifiable victims who suffer ongoing injury by virtue of child pornography images depicting them circulating on the Internet indefinitely, in an amount that comports with her relative role in the causal process that underlies their general losses. *See Paroline v. United States*, 572 U.S. 464 (2014); 18 U.S.C. § 2259.

With respect to restitution, the United States and Defendant also agree to the following:

    a.    <u>Restitution Amount and Interest</u>

Pursuant to 18 U.S.C. § 2259, the Court shall order restitution for the full amount of any victims' losses. The United States and Defendant will submit restitution information prior to sentencing. For purposes of 18 U.S.C. § 2259, "victim," means any individual harmed as a result of a commission of the crime,

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 11

including, in the case of a victim who is under 18 years of age, the legal guardian of the victim.

The United States and Defendant also hereby stipulate and agree that the Court shall order full restitution, as appropriate, to any entity, organization, insurance company, individual, and/or medical provider who provided medical services and/or funds related to the treatment of identified victims. The interest on this restitution amount should be waived. Defendant acknowledges that Defendant may not withdraw from the Plea Agreement based on the amount of restitution that the Court orders.

      b.    <u>Payments</u>

The United States and Defendant agree that if the Court imposes restitution, the Court will set a restitution payment schedule based on Defendant's financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). Defendant agrees to pay not less than 10% of Defendant's net monthly income towards any restitution obligation.

      c.    <u>Treasury Offset Program and Collection</u>

Defendant understands that the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies.

Defendant acknowledges that, if applicable, the TOP may take part or all of his federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to his restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure a restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m).

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 12

d. Notifications

Defendant agrees to notify the Court and the United States of any material change in Defendant's economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect Defendant's ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

Defendant agrees to notify the United States of any address change within 30 days of the change. *See* 18 U.S.C. § 3612(b)(F). This obligation ceases when the restitution is paid-in-full.

15. Judicial Forfeiture:

Defendant agrees to voluntarily forfeit and relinquish to the United States all right, title and interest in any of the digital devices he used in this case, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to the following:

- a Seagate Momentus HD 640GB SN: 5WS294KD
- a Dell Laptop, Model: P25G, DP/N: 2TP42A00
- an HP Compaq Laptop, Model: 6910P SN: CND8253

Defendant stipulates that he is the sole owner of the assets identified herein and that no one else has an interest in these assets. Defendant acknowledges that the assets listed above that Defendant is agreeing to forfeit are subject to forfeiture pursuant to 18 U.S.C. § 2253(a) and (b), as property used or intended to be used in any manner or part to commit or to facilitate the commission of Possession of Child Pornography as alleged in the count of the Indictment to which Defendant is pleading guilty. Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States, and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this

agreement. Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets he is agreeing to forfeit. Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives Defendant's right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

16. <u>Additional Violations of Law Can Void Plea Agreement:</u>

Defendant and the United States agree that the United States may at its option and on written notice to Defendant, withdraw from this Plea Agreement or modify its recommendations if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense or if he tests positive for any controlled substance.

17. <u>Waiver of Appeal Rights and Collateral Attack:</u>

Defendant is aware that 18 U.S.C. § 3742 affords him certain appeal rights. Acknowledging this, Defendant knowingly and voluntarily agrees to waive all constitutional and statutory rights to appeal his conviction and/or sentence if the Court sentences Defendant in accordance with the terms of this Rule 11(c)(1)(C) Plea Agreement. Defendant's appellate waiver includes, but is not limited to, challenges to the terms of this Plea Agreement, Defendant's guilty plea, venue, statutes of limitation, and the length or terms of Supervised Release imposed by the Court.

Defendant reserves the right to appeal a restitution order as to any individual victim who is awarded more than $10,000 of restitution.

Defendant also expressly waives Defendant's right to file any post-conviction motion attacking Defendant's conviction, and/or sentence, including motions pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 18 U.S.C. § 3742, except a motion based on ineffective assistance of counsel arising from information not now known by

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 14

Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes sentence.

If Defendant successfully moves to withdraw or vacate Defendant's plea, dismiss the underlying charges, or set aside Defendant's sentence on the count to which Defendant is pleading guilty, then: (1) this Agreement shall become null and void; (2) the United States may prosecute Defendant on any count to which Defendant has pleaded guilty; (3) the United States may reinstate any counts that have been dismissed, have been superseded by the filing of an Information, or were not charged because of this Agreement; (4) the United States may file any new charges that would otherwise be barred by this Agreement; and (5) the United States may prosecute Defendant on all available charges involving or arising from the incidents charged in the Indictment. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, Defendant agrees to waive any objections, motions, and defenses Defendant might have to the United States' decision, including Double Jeopardy.

Defendant agrees not to raise any challenges based on the passage of time, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment. Defendant waives his right to appeal any fine or Special Assessment. Nothing in this Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings under 28 U.S.C. § 2255 or the Fair Sentencing Act.

18.  Notice of Sex Offender Registration:

Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, Defendant must register and keep the registration current in each of the following jurisdictions: the location of his residence, the location of his employment; and, if he is a student, the location of his school.

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 15

Registration will require that Defendant provide information that includes name, residence address, and the names and addresses of any places at which he is or will be an employee or a student.

Defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. Defendant understands that failure to comply with these obligations subjects him to prosecution for failure to register under 18 U.S.C. § 2250, which is punishable by a fine, imprisonment, or both.

19. **Integration Clause:**

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities.

The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

### Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____        11/10/2021
David M. Herzog                  Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 16

this Plea Agreement.  Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case.  No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement.  I agree to plead guilty because I am guilty.

_____  
Brian D. Knight  
Defendant

11/10/2021  
Date

I have read the Plea Agreement and have discussed the contents of the agreement with my client.  The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.  I concur in my client's decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____  
Andrea George  
Attorney for Defendant

11-10-2021  
Date

KNIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY POSSESSION – 17