FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 17, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN D. KNIGHT,<br><br>Defendant. | NO: 2:20-CR-68-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE |
|---|---|

BEFORE THE COURT, without oral argument, is *pro se* Defendant Brian D. Knight's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 84. The Court has reviewed the motion, the record, and relevant law, and is fully informed.

## BACKGROUND

On June 2, 2020, a grand jury charged Defendant by means of an indictment with distribution and possession of child pornography. ECF No. 1. On November 10, 2021, Defendant, who was then represented by Federal Defender Andrea K. George, entered a plea of guilty to possession of child pornography, in violation of 18

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 1

1 U.S.C. § 2252A(a)(5)(B), (b)(2). ECF No. 47. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant and the Government agreed that an appropriate disposition of the case was a term of incarceration of 36-84 months, to be followed by a lifetime of supervised release. ECF No. 49 at 3. On June 21, 2022, the Court imposed a sentence of 84 months of imprisonment, to be followed by ten years of supervised release. ECF No. 72. The judgment was entered on June 23, 2022. *Id.*

Defendant, proceeding *pro se*, sent a letter to the Court that was subsequently construed as a motion for transcripts and filed on February 22, 2023. ECF No. 82. The Court denied the motion. ECF No. 83.

On June 28, 2023, Defendant filed the instant *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 84. The Court did not order the Government to respond, and the Government did not file a response. Defendant collaterally attacks his sentence of 84 months on the ground that he received ineffective assistance of counsel. ECF No. 84 at 15. Defendant requests the appointment of counsel and an evidentiary hearing. *Id.* at 18. He further requests that the Court allow him to supplement the record and his motion. *Id.* Finally, should the Court deny the instant motion, Defendant requests a certificate of appealability. *Id.*

/ / /

/ / /

/ / /

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 2

# LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The claimed error must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)). Moreover, a section 2255 motion must allege specific facts which, if true, would entitle a defendant to relief. *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003).

A district court is required to dismiss a section 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

# DISCUSSION

**Statute of Limitations**

Motions made under section 2255 are subject to a one-year period of limitation. 28 U.S.C. § 2255. Typically, the one-year limitation period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. §

2255(f)(1). "[I]f the movant does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires." *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015).

Defendant's conviction became final on July 7, 2022, fourteen days after he failed to file an appeal of the judgment entered. *See* ECF No. 72 (judgment entered on June 23, 2022); *see also* Fed. R. App. P. 4 (defendants have fourteen days from entry of judgment to file a direct appeal). Under section 2255(f)(1), the one-year statutory period for filing the instant motion expired on July 7, 2023, one year after Defendant's conviction became final. Defendant filed the instant motion on June 28, 2023. ECF No. 84. Therefore, Defendant's motion is timely.

**Ineffective Assistance of Counsel**

Defendant asserts that he received ineffective assistance of counsel from his attorney, Federal Defender Andrea K. George. ECF No. 84 at 15. Specifically, he claims that prior to the inception of the case, he had been diagnosed with "multiple physical and mental complications including a rare form of encephalitis, PTSD, autism, diabetes, TBI, depression, and anxiety." *Id.* Defendant contends that he advised Ms. George of his various mental and physical disabilities, and that Ms. George recommended that Defendant obtain a PET scan, MRI, and psychosexual evaluation for purposes of mitigation at sentencing. *Id.* at 14.

Defendant avers that Ms. George erred because none of these evaluations had been completed at the time of sentencing and because Ms. George did not present

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 4

testimony from medical professionals regarding his mental and physical health at sentencing. *Id.* at 17. Had Ms. George "ordered the proper spectrum of psychological testing, completed a full investigation of his medical and psychological history, and presented his life-altering traumas to the Court," Defendant argues, his sentence "would have been at the lower end of the range set forth in the plea agreement." *Id.*

To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that counsel's performance was deficient; and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong, a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. To satisfy the second prong, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 694. There is a "strong presumption that counsel's conduct falls within the wide range of professional assistance." *Id.* at 689.

Reviewing courts may consider the performance and prejudice components of the two-prong *Strickland* test in either order. *Strickland*, 466 U.S. at 697. One prong need not be considered if there is an insufficient showing of the other. *Id.*

The Court finds that Defendant plainly is not entitled to relief on his ineffective assistance of counsel claim. Defendant does not offer any facts in support of the contention that Ms. George provided deficient performance under an objective

standard of reasonableness. On the contrary, both the record and Defendant's own briefing contradict his claim that Ms. George failed to investigate Defendant's physical and mental handicaps. *See, e.g.*, ECF No. 68 (Third Addendum to the Presentence Report indicating that defense counsel provided a list of Defendant's prescription medications to United States Probation for inclusion in the report); *see also* ECF No. 84 at 14 (Defendant's motion stating that "Ms. George was familiar with [Defendant's] handicaps, and went as far as ordering copies of his medical and mental health records"); *and id.* at 17 (describing how Defendant and Ms. George "spent the balance of their communications going over his mental and physical handicaps, his traumatic upbringing, and several traumatic occurrences that occurred later in his life"). The Court, therefore, declines to find that Ms. George's decisions regarding the presentation of mitigating evidence at sentencing fell below an objective reasonableness standard. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.") (quoting *Strickland*, 466 U.S. at 690-91).

Moreover, even if Defendant had successfully established the performance prong of *Strickland*, his ineffective assistance of counsel claim would fail to meet the prejudice prong. The record demonstrates that the Court was aware of Defendant's physical and mental health conditions at the time of sentencing. Prior to sentencing, the Court reviewed a detailed presentence report that included information about

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 6

1   Defendant's physical, mental, and emotional health.  ECF No. 69 at 13-14 (Amended

2   Presentence Report describing Defendant's two strokes, traumatic brain injuries,

3   paralysis on the left side of his body, epilepsy, multiple concussions, autism,

4   diabetes, carpal tunnel syndrome, anxiety, depression, extreme stress, suicide

5   attempts, prescription medications, and mental health treatment history).  Ms. George

6   also presented mitigating evidence regarding Defendant's physical and mental health

7   conditions in her sentencing memo and at the sentencing hearing.  *See* ECF No. 66 at

8   2 (Defendant's Sentencing Memorandum listing Defendant's medical diagnoses and

9   mental health issues, including partial paralysis from massive strokes, multiple

10  concussions, diabetes, anxiety, depression, extreme stress, and autism, as reasons not

11  to impose a lengthy prison sentence); *see also* ECF No. 71 (Minute Entry for

12  Defendant's sentencing hearing indicating that Ms. George advised the Court of

13  Defendant's physical disability and stated that Defendant was receiving Social

14  Security disability benefits).  Therefore, even if defense counsel's performance was

15  somehow deficient, it did not result in any prejudice because the Court was

16  sufficiently informed of Defendant's physical and mental health conditions.

17       In sum, the Court finds that Defendant's ineffective assistance of counsel claim

18  is without merit.  For the foregoing reasons, the Court concludes that Defendant's

19  motion shall be dismissed, without any requirement of a response from the

20  Government, an evidentiary hearing, discovery, or appointment of counsel.  *See* Rule

21  4(b), Rules Governing Section 2255 Proceedings for the United States District

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 7

Courts. In addition, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this matter. *See* 28 U.S.C. § 2253(c)(2). The Court concludes that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, **ECF No. 84**, is **DENIED**.

2. No basis exists to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to counsel and to *pro se* Defendant, and **close this case** and civil case number **2:23-cv-184-RMP**.

**DATED** August 17, 2023.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 8